Hill, J.
The Court of Appeals desires instructions from the Supreme Court on "the following question: “Under section 28 of the war-risk insurance act of Congress, approved October 6, 1917, as amended June 25, 1918, e. 104, § 2, 40 Stat. (<U. S. Comp. Stat. 1918, § 514nnn%, page 1739), and providing: ‘The allotments and family allowances, compensation, and insurance payable under Articles II, III, and IV, respectively j shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Articles II, III, or IV; and shall be exempt from all taxation; Provided, that such allotments shall be subject to any claims which the United States may have, under Articles II, III, and IV, against the person on whose account the allotments and family allowances, compensation, or. insurance is payable,’ would funds which have been actually paid by the United States Government over to the beneficiary of an insurance policy under the provisions of said section become then subject to *368 the debts of such a beneficiary and to the process of garnishment instituted by a creditor of such beneficiary after such payment?” Reid: Giving effect to the clear and manifest intention of Congress as expressed in the war-risk insurance act, as set out in the above question, the money paid' over to a beneficiary, although deposited by her in bank, is not subject to garnishment. The purpose of the act is not merely to protect an allotment, made under the act, from legal process while in the hands of the government, or its agencies, but to preserve the allotment itself from legal process against the beneficiary, except as against the claims of the government itself.
No. 2463.
December 14, 1921.
Question certified by Court of Appeals (Case No. 11554).
Homer Beeland, for plaintiff. C. B. Marshall, for defendants.

All the Justices concur,

except Atkinson and Gilbert, JJ., dissenting.